UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAURY URENA,

                    Plaintiff,

          -against-

YANA A. ROY; ALVARADO; DARCEL D.
CLARK,

                    Defendants.

1:22-CV-2384 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, a pretrial detainee who is currently held in the George R. Vierno Center on

Rikers Island, filed this *pro se* action asserting that the defendants have violated his federal

constitutional rights.[1] Plaintiff sues: (1) Yana A. Roy, Plaintiff's criminal defense attorney;

(2) Justice Alvarado of the New York Supreme Court, Bronx County; and (3) Darcel D. Clark,

the Bronx County District Attorney. Plaintiff seeks damages, and asks this Court to: (1) order the

state court in which Plaintiff's criminal proceedings are pending to allow Plaintiff to testify

before a grand jury; and (2) order Plaintiff's release from confinement on Plaintiff's own

recognizance, due to an "untimely indictment." (ECF 2, at 5.) The Court construes Plaintiff's

complaint as asserting claims for damages and injunctive relief under 42 U.S.C. § 1983, as well

as claims for *habeas corpus* relief under 28 U.S.C. § 2241.

---

[1] Plaintiff filed his complaint while he was held in the North Infirmary Command on
Rikers Island.

By order dated April 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in his complaint: On November 17, 2021, a criminal complaint was filed against Plaintiff in the New York Supreme Court, Bronx County. Plaintiff was scheduled to testify before a grand jury six days later, on November 23, 2021, and he was brought to a Bronx courthouse on that date, but was not brought before a grand jury to testify. Plaintiff later asked his defense attorney, Yana A. Roy, why he had not been brought before a grand jury to testify. Roy told him that his "right to indictment by [a] grand jury was waived." (ECF 2, at 4.) Plaintiff disputed Roy's decision to waive that right because he had not knowingly, intelligently, or voluntarily agreed to waive that right; he had "never consulted with [Roy] about matters of [his criminal] case or about a defense strategy." (*Id.*) Plaintiff was indicted on December 10, 2021.

Plaintiff states that he has been injured "due to the deprivation of [his] constitutional right[] of due process[,] which resulted in the deprivation of [his] liberty." (*Id.* at 5.)

## DISCUSSION

**A.      Justice Alvarado**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 for damages and injunctive relief against Justice Alvarado under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from civil suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Moreover, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Plaintiff's allegations suggest that neither of these exceptions applies here. Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Accordingly, Plaintiff's claims under Section 1983 for damages and injunctive relief against Justice Alvarado arising from Justice Alvarado's actions while presiding over Plaintiff's pending state court criminal proceedings in the New York Supreme Court, Bronx

County, are therefore dismissed under the doctrine of judicial immunity,[3] 28 U.S.C.

§ 1915(e)(2)(B)(iii), and, consequently, as frivolous, § 1915(e)(2)(B)(i); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

**B.     Darcel D. Clark**

The Court must dismiss Plaintiff's claims under Section 1983 for damages against Bronx County District Attorney Darcel D. Clark under the doctrine of prosecutorial immunity. Prosecutors, like Clark, are immune from civil suit for damages for actions committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v.*

---

[3] Plaintiff cannot properly seek injunctive relief against Justice Alvarado under Section 1983 because that statute permits injunctive relief against a judge only if a declaratory decree was violated or declaratory relief is unavailable. Declaratory relief is available to Plaintiff because he may appeal Justice Alvarado's decisions to the New York Supreme Court, Appellate Division, First Department, and to the New York Court of Appeals. *See generally Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

Even if Justice Alvarado was not immune from suit for claims for injunctive relief, the Court would still be precluded from granting Plaintiff any injunctive relief against Justice Alvarado that, if successful, would cause this Court to intervene in Plaintiff's pending state court criminal proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal proceedings. The Court will therefore not intervene in those proceedings, and dismisses, under the *Younger* abstention doctrine, any of Plaintiff's claims against Justice Alvarado for injunctive relief that, if successful, would cause this Court to intervene in those proceedings.

*Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (internal quotation marks omitted))); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute prosecutorial immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). This includes "acts reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution, or to defend a conviction," *Giraldo*, 694 F.3d at 166, such as "whether to bring charges and presenting a case to a grand jury or a court," *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and those prosecutors were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*))).

To the extent that Plaintiff's claims under Section 1983 against Clark arise from Clark's prosecution of Plaintiff in the New York Supreme Court, Bronx County, the Court dismisses all of Plaintiff's claims under Section 1983 for damages against Clark under the doctrine of prosecutorial immunity. The Court therefore dismisses those claims for seeking monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B)(iii). Consequently, those claims are also dismissed as frivolous. *See* § 1915(e)(2)(B)(i); *see also Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the IFP statute).

**C.     Yana A. Roy**

The Court must further dismiss Plaintiff's claims under Section 1983 against Yana A. Roy – Plaintiff's criminal defense attorney. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." Private parties are therefore not generally liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted).

Absent special circumstances suggesting concerted action between a private criminal defense attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), the actions of such an attorney do not constitute the degree of state involvement sufficient to state a claim against that attorney under Section 1983, *e.g.*, *White v. Dortch*, No. 17-CV-7266, 2017 WL 8780774, at *5 (S.D.N.Y. Nov. 28, 2017) ("Absent special circumstances suggesting concerted action between an attorney and a state representative, the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender.") (citations omitted).

Yana A. Roy appears to be a private criminal defense attorney who is representing Plaintiff in Plaintiff's pending criminal proceedings in the New York Supreme Court, Bronx County. Plaintiff has alleged no facts showing that Roy has acted as a state actor and violated his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against Roy for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

D.     ***Habeas corpus* relief**

The Court construes Plaintiff's claims in which he seeks release from confinement as ones for *habeas corpus* relief from his immediate custodian. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). For a state pretrial detainee, like Plaintiff, the appropriate vehicle for such relief is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Clemente v. Conn.*, No. 3:21-CV-0408, 2022 WL 527757, at *1 (D. Conn. Jan. 27, 2022); *Fullwellen v. City of New York*, No. 21-CV-7219, 2021 WL 4940984, at *1 (S.D.N.Y. Sept. 14, 2021); *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

A petitioner must first exhaust available state court remedies before seeking Section 2241 *habeas corpus* relief in the federal courts. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Plaintiff, a state pretrial detainee, has alleged no facts showing that he has exhausted his available state-court remedies before seeking *habeas corpus* relief in this court. Accordingly, the Court dismisses Plaintiff's claims for *habeas corpus* relief without prejudice.[4]

---

[4] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future

**E.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action. The Court construes Plaintiff's complaint as asserting claims for damages and injunctive relief under 42 U.S.C. § 1983, as well as claims for *habeas corpus* relief under 28 U.S.C. § 2241. The Court dismisses Plaintiff's claims under Section 1983 as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). The Court dismisses Plaintiff's claims for *habeas corpus* relief under Section 2241 without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Because Plaintiff's claims for *habeas*

---

attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a petition under Section 2241. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because dismissal without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

*corpus* relief make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                              Chief United States District Judge